Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. GEORGE T. BIGELOW, } Justices.
Hon. BENJAMIN F. THOMAS,

---

### COMMONWEALTH *vs.* MUNROE THOMPSON.

Under an indictment for breaking and entering the shop of a person named, it is no variance, under Rev. Sts. c. 133, § 11, if it appears that the shop is occupied by that person and another, each of whom pays rent to the owner thereof, and by mutual agreement occupies a distinct part of the shop, although it is not shown that the defendant broke and entered the part occupied by the person named.

INDICTMENT for breaking and entering the shop of James Stubbs in the night time, and stealing therein.

At the trial in the court of common pleas, James Stubbs testified that he occupied the shop; and, upon cross-examination, that he was not the owner of the shop, but that the shop belonged to Elijah Cloyes; that he boarded with Cloyes, and paid him two dollars and fifty cents a week for his board and for

the privilege of occupying one half of the shop for manufacturing shoes; that another man had the privilege of occupying one half of the shop, and the two arranged between themselves what part of the shop each should use. It did not appear whether the defendant broke and entered the portion of the shop actually used by Stubbs or not. The shop was a small shoemaker's shop, containing but one room.

Upon this evidence the defendant contended that there was a variance between the allegation and the proof of ownership in the shop. But *Sanger*, J. ruled that the ownership of the shop was properly laid in the indictment, and sufficiently proved, if the jury were satisfied beyond a reasonable doubt that Stubbs was at the time of the breaking and entering in the actual possession of any part of the shop. The jury found the defendant guilty, and he alleged exceptions.

*C. R. Train,* for the defendant, cited *Brown's case,* 1 East, P. C. 501; Roscoe Crim. Ev. " Burglary."

*J. H. Clifford,* (Attorney General,) for the Commonwealth, cited *Rex* v. *Jobling,* Russ. & Ry. 525; *Rex* v. *Jarvis,* 1 Moody, 7; *The King* v. *Witt,* 1 Moody, 248; *The King* v. *Margett,* 2 Leach, (4th ed.) 930; Rev. Sts. *c.* 133, § 11.

BY THE COURT. The Rev. Sts. *c.* 133, § 11, expressly provide that in the prosecution of any offence, committed upon or in any way affecting any real estate, or committed in stealing any personal property, " it shall be sufficient, and shall not be deemed a variance, if it be proved on the trial that at the time when the offence was committed, either the actual or constructive possession, or the general or special property, in the whole, or in any part, of such real or personal estate," was in the person alleged in the indictment to be the owner thereof.

In this case, Stubbs and the other occupant of the shop had the possession of the whole shop, which was a detached building. They had not made any partition, but had merely agreed how they should use it. They were tenants in common, and therefore, by the statute, the shop might be described as the property of either.                    *Exceptions overruled.*